Everth OSVALDO-MARTINEZ, AKA Euerth O. Martinez, AKA Everth Osvalso Martinez, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 13-74164

United States Court of Appeals, Ninth Circuit.

Submitted October 23, 2017 *

Filed October 31, 2017

Frank P. Sprouls, Esquire, Attorney, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner

Matt A. Crapo, Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Everth Osvaldo-Martinez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

agency's factual findings, and we review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The agency did not err in determining that Osvaldo-Martinez was statutorily barred from establishing the good moral character required for special rule cancellation under NACARA, where substantial evidence supports the agency's finding that he provided false testimony about the details of the incident leading to his 2005 arrest in order to obtain immigration benefits. *See* 8 U.S.C. § 1101(f)(6); 8 C.F.R. § 1240.66(b)(3); *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001) ("For a witness's false testimony to preclude a finding of good moral character, the testimony must have been made orally and under oath, and the witness must have had a subjective intent to deceive for the purpose of obtaining immigration benefits.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.